Prob 12
(MOD. For E.VA 01/05)

06 - 042M-01



# UNITED STATES DISTRICT COURT
## for
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. <u>Cary J. O'Connor</u>_____    Docket No. <u>05-109-M</u>

### Petition on Probation

FEB 0 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

COMES NOW <u>Elizabeth T. Louison</u>, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of <u>Cary J. O'Connor</u>, who was placed on supervision by the Honorable <u>Liam O'Grady</u> sitting in the Court at <u>Alexandria</u>, Virginia, on the <u>17th</u> day of <u>May</u>, <u>2005</u>, who fixed the period of supervision at <u>1 year</u> as provided in 18 U.S.C. 3607 and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

1.  The defendant shall participate in a drug education and/or treatment program if ordered to do so by the supervising probation officer.

2.  The defendant shall undergo drug testing, including, but not limited to urinalysis, if ordered to do so by the supervising probation officer.


**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
See Attachment(s)


**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.


### ORDER OF COURT

Considered and ordered this 10th day of November, 2005 and ordered filed and made a part of the records in the above case.

_____
United States Magistrate Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___11-4-05___

_____
Elizabeth T. Louison
Senior U.S. Probation Officer

Place <u>Alexandria, Virginia</u>

**TO CLERK'S OFFICE**

Petition on Probation
Page 2
RE: O'CONNOR, Cary J.

OFFENSE: Possession of Crack Cocaine

SENTENCE: On May 17, 2005, the defendant was sentenced to 1 year probation as provided in 18 U.S.C. 3607.

ADJUSTMENT TO SUPERVISION: Ms. O'Connor's adjustment to supervision has been poor. Ms. O'Connor returned to Court on August 30, 2005, due to her failure to report for urine testing. Her probation was continued on the condition that she enter treatment with Fairfax County Alcohol and Drug Services.

Ms. O'Connor was reticent to discuss any details of her life with this officer. She provided minimal information concerning her employment and her plans to relocate.

VIOLATIONS: The following violations are submitted for the Court's consideration.

SPECIAL CONDITION:          **FAILURE TO SATISFACTORILY PARTICIPATE IN DRUG TESTING, INCLUDING BUT NOT LIMITED TO URINALYSIS IF ORDERED TO DO SO BY THE SUPERVISING PROBATION OFFICER.**

Ms. O'Connor failed to satisfactorily participate in drug testing by failing to appear for random urine testing on September 23, September 28, October 17, October 21, and October 24, 2005.

A referral was made for Ms. O'Connor for an assessment with Fairfax County Alcohol and Drug Services (ADS) on August 30, 2005. Ms. O'Connor scheduled an intake appointment for October 14, 2005, which she did keep. She was directed by ADS to phone them on October 20, 2005, to be scheduled for counseling, but she failed to do so. ADS has sent a letter to Ms. O'Connor advising her to contact them by November 1, 2005, or her case will be closed.

CONDITION #6:          **FAILURE TO NOTIFY THE PROBATION OFFICER WITHIN 10 DAYS OF CHANGE IN RESIDENCE.**

Ms. O'Connor had been notified at a Court hearing in Fairfax County on September 9, 2005, that she was being evicted from her residence. The eviction was set for October 19, 2005, but the Fairfax County Sheriff's Office has advised that the owner allowed a 24-hour notice before the lock would be changed on the premises. The residence has been vacated, however, Ms. O'Connor has not notified this officer of a change of address, and her current whereabouts are unknown.

CTL/lmb